### FETTER and others v. NEWHALL.

*(Circuit Court, S. D. New York. April 23, 1884.)*

PATENT—DRIVE-SCREW—INFRINGEMENT.
  The orator's patent for a drive-screw *held* to be restricted to a screw having a smooth conical point large enough to divide the fibers of the wood so as to give free entrance to the threads of the screw.

In Equity.

*Amos Broadnax*, for orators.

*William Bakewell*, for defendant.

WHEELER, J. This cause has been heard on a motion for punishment of the defendant for violation of the injunction granted on final hearing. *Fetter* v. *Newhall*, 17 FED. REP. 841. The defendant appears to make or be concerned in making two kinds of drive-screws, one of which has a conical point in diameter at the base equal to the diameter of the shank within the threads, and the other having threads extending to the extremity of the point; the threads of each being of the same shape as those of the orators' patent. The novelty and utility of invention on which this patent was granted by the patent-office, accepted by the patentee, and held valid by this court, consisted in the conoidal or conical smooth point large enough to part the fibers of the wood, in driving, and make an entrance for the threads, so that they would not be forced against the fibres to make a pathway for themselves or for one another. It did not cover the threads separately from the point, and cannot be made to cover them now. *Keystone Bridge Co.* v. *Phœnix Iron Co.* 95 U. S. 274. Neither of these devices of the defendant has such a point. It is urged that the threads at the point of the defendant's screws make the points the equivalent of the patented point. The foremost threads do, in driving, with the smaller point make way for the rest of the threads as the larger point does. This is the case with all drive-screws having a point smaller than the circumference of the threads; and this is what the patented point was patented for obviating. If the screw im-

proved upon was the equivalent of the patented improvement, the patent would cover nothing. .The patent is a quite narrow one, and this construction would undermine the whole of it.

The motion is denied.